**UNITED STATES of America,
Appellee,**

v.

**John SIMONETTI, Defendant-Appellant.
No. 200, Docket 28354.**

United States Court of Appeals
Second Circuit.

Submitted Nov. 22, 1963.

Decided Jan. 13, 1964.

Andrew J. Maloney, Asst. U. S. Atty., New York City (John S. Martin, Jr., Asst. U. S. Atty., and Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, on the brief), for appellee.

Joseph I. Stone, New York City (Stone & Diller, New York City, on the brief), for defendant-appellant.

Before MEDINA, WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM.

John Simonetti appeals from a judgment of conviction, after a non-jury trial presided over by Judge Cooper, for wilfully failing to pay the special tax imposed on persons engaging in the business of accepting wagers, in violation of 26 U.S.C. § 7262, as alleged in the First Count of the indictment, and for failure to register as a person required to pay such tax, in violation of 26 U.S.C. §§ 7203 and 7272, as alleged in the Second Count. He was fined $1000 on Count One and sentenced to a term of imprisonment of 90 days on Count Two. He was released on bail pending this appeal.

We are urged to reverse: (1) because the trial judge refused to compel the Government to reveal the identity of the Special Employee who introduced the agent who placed the bets; (2) for failure of the trial judge to compel the production of certain expense vouchers; and (3) for insufficiency of proof.

We have carefully examined the transcript and find there was ample proof to sustain the finding of guilt. While appellant was a construction worker employed on a site on the North side of 42nd Street, between Tenth and Eleventh Avenues, New York City, the statute applied to all who are "engaged in the business of accepting wagers," and construction workers are not excluded. Indeed, there is proof of the placing with appellant of at least ten bets on horse races over a period of several weeks, and the payment by appellant of the winnings in those instances where the horse won the race. While appellant denied that he ever paid any winnings, and testified that the bets placed through him were only "about four," or "about five all together," there was much in his testimony to give plausibility to the proofs adduced

by the Government. Moreover, the trial judge had ample justification in rejecting appellant's explanation that he accepted the bets as a favor, to be placed only if he found that "somebody was going to the track." On the issue of wilfulness there was testimony of admissions by appellant that he had knowledge of the federal Wagering Tax laws, as well as proof of comments by him to the effect that "there were cops in the neighborhood" and with reference to one of the Government agents standing nearby: "See that guy, he's not right."

 It is clear that disclosure of the identity of a Special Employee is to be required only when necessary for a fair disposition of the case. Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Scher v. United States, 1938, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151. Here, as Judge Cooper observed, "there is no evidence of entrapment," and the testimony of the Special Employee would have been at best cumulative. Certainly we cannot say the ruling, under the circumstances of this case, was an abuse of discretion.

 As to the expense vouchers, counsel for appellant after moving "that the paper be turned over," made the following statement:

> "Mr. Stone: I ask your Honor to reserve a ruling subject to connection, where I will show that this document may be extremely important to the defense and in that case I will expect a ruling after all the evidence is in."

Thereafter the subject was dropped and not referred to again. As there was no jury and Judge Cooper was to decide questions of guilt or innocence, it is easy to understand why counsel did not pursue the subject and insist at the trial, as he does now before us, that "the paper" showing the vouchers for the money used in placing the bets with appellant be produced for inspection by Judge Cooper "in camera."

Affirmed.