**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward HANNA, Defendant-Appellant.
No. 15896.**

United States Court of Appeals
Sixth Circuit.
March 4, 1965.

Arthur Clark, Jr., Louisville, Ky., for appellant.

William E. Scent, U. S. Atty., Louisville, Ky. (Boyce F. Martin, Jr., Asst. U. S. Atty., Louisville, Ky., on the brief) for appellee.

Before MILLER, CECIL and PHILLIPS, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The Federal Grand Jury returned an 18-count indictment against the defendant, Edward Hanna, the first ten counts of which charged him with failing to file a federal excise tax return showing the amount of diesel fuel oil sold by him for the quarterly periods beginning with the fourth quarter of 1958 and extending through the first quarter of 1961, in violation of the provisions of Section 7203, Internal Revenue Code, which are misdemeanor counts, and the remaining eight counts of which charged him with willfully attempting to evade and defeat

diesel fuel oil taxes owing to the United States for the quarterly period beginning with the second calendar quarter of 1961 and ending with the first quarter of 1963, in violation of the provisions of Section 7201, Internal Revenue Code, which are felony counts. The jury returned a verdict of guilty under each count of the indictment. He received a sentence of one year on each of counts 1 through 10 and a sentence of one year and one day on each of counts 11 through 18, said sentences to run concurrently. He was also fined $500.00 on Count 1.

The defendant stipulated at the time of the trial that he had sold to the operators of diesel powered highway vehicles the quantities of diesel fuel oil as stated in the counts of the indictment and that he did not file the required tax returns and that he did not pay the tax thereon. Under the statute the fuel oil sold by the defendant was not subject to the excise tax when used for home heating, but was subject to the tax when used to power highway vehicles. Defendant's defense was his lack of knowledge that the sales made by him required the filing of a return and the payment of a tax. Accordingly, the only question of fact which was reserved for the jury's consideration was whether he willfully and knowingly failed to file the returns and willfully and knowingly attempted to evade and defeat the tax. The jury found against him on these factual issues.

On this appeal appellant contends that the District Judge erred in denying his motion to require the Government to disclose the identity of an informer, who had acted in bringing the matter to the attention of the Government. Reliance is placed upon Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, in which the Supreme Court reversed a judgment of conviction by reason of the refusal of the Government to disclose the name of the informer.

In the Roviaro case the Supreme Court recognized the general rule that it is the privilege of the Government to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. Scher v. United States, 305 U.S. 251, 254, 59 S.Ct. 174, 83 L.Ed. 151. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The general rule was not applied in that case because, under the particular facts of the case, the enforcement of the privilege was contrary to the fundamental requirements of fairness. The Court stated that where the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. It pointed out that no fixed rule with respect to disclosure is justifiable, that the problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense, and that "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

We are of the opinion that there is nothing in the circumstances of the present case which would require a departure from the general rule that the Government is not required to disclose the name of an informer. Appellant has not pointed out in what way he was prejudiced or deprived of a fair trial by the failure to be so advised. See: Rugendorf v. United States, 376 U.S. 528, 534–535, 84 S.Ct. 825, 11 L.Ed.2d 887, rehearing denied, 377 U.S. 940, 84 S.Ct. 1330, 12 L.Ed.2d 303; United States v. Simonetti, 326 F.2d 614, C.A.2nd.

Appellant also contends that the District Judge erred in not giving to the jury an instruction requested by him, which constituted a detailed instruction defining negligence. He points out that since the indictment charges him with willfully and knowingly violating the provisions of the statute, he could not be found guilty if the evidence merely show-

ed that he was negligent. We agree that the defendant could not be found guilty if he was merely negligent in the matter, but we do not agree that it was necessary for the Court to give the jury a detailed instruction upon what constituted negligence. The defendant was not being tried for any negligent act. He was charged with willfully and knowingly violating the law. The District Judge instructed the jury on the meaning of willfulness and specifically charged the jury that it must be distinguished from an accidental, inadvertent or negligent act. We find no prejudicial error in this aspect of the charge.

The judgment is affirmed.