UNITED STATES of America,
Appellee,

v.

Michael ALEXANDER, Appellant.

No. 926, Docket 73-2041.

United States Court of Appeals,
Second Circuit.

Submitted March 29, 1974.

Decided April 9, 1974.

John T. Elfvin, U. S. Atty. W. D. N. Y., Buffalo, N. Y. (David G. Larimer, Asst. U. S. Atty., of counsel), for appellee.

John J. LaDuca, Rochester, N. Y., (LaDuca, Offen & LeChase, Rochester, N. Y., of counsel), for appellant.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Alexander appeals from his conviction for distributing heroin in violation of 21 U.S.C. § 841(a)(1), after a trial before Judge Burke and a jury. In addition to time already served,[1] Alexander was also sentenced to a three-year special parole term.

■■ Alexander's principal claim on appeal is that the trial court erred in refusing to compel the government to disclose the identity of an informant known to the defense only as "Randy." Randy's testimony, Alexander urges, would substantially have bolstered his claim of entrapment. We find no merit to this contention and, accordingly, affirm the conviction.

On September 26, 1972, Alexander was approached at his home in Rochester by Randy, who introduced him to David A. Lucier, an undercover agent with the Bureau of Narcotics and Dangerous Drugs. At trial, Alexander admitted that in reply to Lucier's request for drugs, he responded that he could obtain some in ten or fifteen minutes. Although no drugs were transferred at this intitial encounter, at a second episode later the same day Alexander's friend Johnny Lee Fulton sold heroin to Lucier. Alexander's testimony indicated that he played a pivotal role in the actual sale by leading Lucier to Fulton and arranging the sale of "half a bundle" of heroin for $85.

---

1. Alexander was sentenced on June 25, 1973. He had been in custody since November 8, 1972.

Quite simply, Alexander has been hoist with his own petard." Even had Randy been available and fully supported Alexander's account of the day's events, the appellant's own damning admissions adequately demonstrated his independent willingness to facilitate a drug sale. This evidence of a predisposition to commit the crime charged was sufficient to demolish Alexander's contention that he was entrapped. *See, e. g.* United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973). Accordingly, since disclosure of an informant's identity is required only when necessary for a fair disposition of the case, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), we do not believe that Judge Burke's ruling was an abuse of discretion in this instance. *See* United States v. Simonetti, 326 F.2d 614 (2d Cir. 1964).