103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Andre BADLEY, Defendant-Appellee.
 No. 95-3743.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 95-00125; David D. Dowd, Jr., Judge.
 N.D.Ohio
 REVERSED.
 Before: LIVELY, MERRITT, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The defendant, Andre Badley, was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The government appeals following the district court's order granting Badley's motion to suppress. We conclude that there was probable cause for issuance of the search warrant, and therefore, we will reverse.
 
 I.
 
 2
 In the autumn of 1994, the FBI was investigating the illegal possession and sale of narcotics in the Cleveland area; Special Agents Roger Eaton and Kenneth Riolo were members of a multi-jurisdictional investigating task force. During the course of the investigation, Eaton received information that an individual known as "Boodie" had been dealing crack cocaine as a member of a street gang called "Down the Way Boys." The task force, including Eaton and Riolo, then began surveillance of Boodie's girlfriend's apartment, and in due course determined that the defendant, whom they knew as Andre Badley, visited that apartment frequently. They later learned that Boodie and Badley were one and the same.
 
 
 3
 Badley was arrested in November 1994, after leaving his girlfriend's apartment. The arresting officers were Eaton, Riolo, and Detective Michael Gray, who had been on the task force for over a year, but who had not heard of Badley until the morning of the arrest. Badley was found to have a large sum of money and a rock of crack cocaine. This evidence was not suppressed, and is not at issue in this appeal.
 
 
 4
 At the time of his arrest, Badley told the officers that his girlfriend's apartment was his residence, as well as 6728 Bayliss Avenue. Badley signed a consent form authorizing the officers to search his girlfriend's apartment. The investigating officers later obtained the consent of the girlfriend as well, and performed a search. Evidence recovered in that search was likewise not suppressed, and is not at issue in this appeal.
 
 
 5
 What is at issue, however, is evidence that was seized at 6728 Bayliss Avenue, pursuant to a search warrant issued by the Cuyahoga County Court of Common Pleas. The search warrant affidavit was completed by Gray, but Gray had little personal information regarding the Badley investigation, having become involved with that particular investigation only on the morning of Badley's arrest. The defendant makes two principal arguments about the search warrant: (1) that because Gray was relying on information provided by fellow investigating officers who, in turn, were relying on information supplied by informants, the search warrant was necessarily not supported by probable cause; and (2) the affidavit contains misleading and inaccurate statements.
 
 
 6
 The district court concluded that "[t]he second-level hearsay recitations in the search warrant affidavit did not provide the reviewing judge with a substantial basis to determine the existence of probable cause to issue a search warrant for the Bayliss address[ ]," and suppressed the evidence. The government appeals.
 
 II.
 
 7
 When reviewing a district court's decision on a motion to suppress, we review the lower court's findings of fact for clear error only, but review de novo its legal conclusions. United States v. Leake, 998 F.2d 1359, 1362 (6th Cir.1993). This court "owe[s] ... no particular deference" to the conclusions of a district court when, as here, it serves as a reviewing court. Id. By the same token, this court pays "great deference" to a state magistrate's findings in a determination of probable cause, and will not lightly set aside those findings. Id. at 1363. Thus, "so long as the magistrate had a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." Illinois v. Gates, 462 U.S. 213, 236 (1983) (citation omitted).
 
 
 8
 The government points to a number of specifics in the search warrant affidavit that it contends supported the magistrate's finding that probable cause existed to believe Badley possessed cocaine on the date and at the location in question. The affidavit recited: (1) the fact of Badley's arrest and the resulting seizure of crack cocaine and a large sum of money; (2) information from a reliable confidential informant who had personally seen the defendant in possession of large amounts of crack cocaine; (3) information from the same confidential informant, received within 72 hours prior to signing the affidavit, that he had seen Badley, and that Badley had received more cocaine; (4) information from a second reliable confidential informant that the defendant possessed cocaine; and (5) information from a third confidential informant, not specifically claimed to be reliable, that Badley used the upstairs at 6728 Bayliss for storing cocaine. The defendant contends, however, that the latter recitation is the sole basis for believing that he had cocaine at the Bayliss address at the time of the search, and that this information is flawed because it is not accompanied by any indication of reliability or corroboration, and because it lacks sufficient detail. The defendant also complains of Gray's reliance on hearsay in formulating the affidavit.
 
 
 9
 In evaluating whether a confidential informant's tip provides a substantial basis for concluding that a search would uncover evidence of crime, two factors are often critical: (1) an "explicit and detailed description of the alleged wrongdoing, along with a statement that the event was observed firsthand, entitles [the informant's] tip to greater weight than otherwise might be the case"; and (2) the extent to which the tip is corroborated by independent investigation. United States v. Sonagere, 30 F.3d 51, 53 (6th Cir.1994). Nevertheless, a law enforcement officer is entitled to consider and act on information determined by other officers in the course of an investigation and in making probable cause determinations. See United States v. Hensley, 469 U.S. 221, 223-35 (1985); United States v. Perkins, 994 F.2d 1184, 1188-89 (6th Cir.1993).
 
 
 10
 With respect to the defendant's allegations regarding double hearsay in the affidavit, a magistrate must "evaluate such information as well as other information in the affidavit in order to determine whether the informant gathered his information in a reliable way and from reliable sources." United States v. McCoy, 478 F.2d 176, 179 (10th Cir.1973); accord United States v. Jenkins, 525 F.2d 819, 823 (6th Cir.1975); see Fed.R.Crim.P. 41(c). Further, the reviewing court must determine whether a substantial basis exists for crediting the second individual's information. United States v. Satterwhite, 980 F.2d 317, 322 (5th Cir.1992).
 
 
 11
 The information complained of by the defendant was sufficiently detailed because the informant provided a specific address and had knowledge of the defendant's basic living arrangements, and it was sufficiently corroborated because when the defendant was arrested four months earlier and found with crack cocaine, he was on his way to the same address. While the evidence is not overwhelming, it provides an adequately substantial basis for finding probable cause. Further, we believe that the other portions of the affidavit provide further support for a fair probability that drugs would be found at the Bayliss residence.
 
 
 12
 Because we conclude that the warrant was supported by probable cause, we find it unnecessary to reach the issue of Gray's good-faith reliance.
 
 III.
 
 13
 We REVERSE and REMAND for further proceedings.