**Andre BADLEY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 00–4506.**

United States Court of Appeals, Sixth Circuit.

Oct. 4, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

OPINION

MOORE, Circuit Judge.

In this request pursuant to 28 U.S.C. § 2255 to vacate his life sentence for possession of cocaine and crack cocaine with intent to distribute, Petitioner–Appellant Andre Badley ("Badley") alleges that he received ineffective assistance of counsel because his counsel did not move for disclosure of a confidential informant's identi-

**164**

ty, when information provided by that informant supported a warrant for the search of Badley's residence. The district court denied Badley's motion. Because Badley does not establish that counsel's performance was objectively unreasonable and that the performance was prejudicial to his case, we AFFIRM the district court's decision.

I

On February 28, 1995, Detective Michael Gray requested and received a search warrant for the residence of Andre Badley. The warrant authorized the search of the duplex located at 6728 Bayliss Ave. (downstairs) and 6730 Bayliss Ave. (upstairs). In addition to containing Badley's statement, made during an arrest for possession of crack cocaine on November 4 of the previous year, that he was on his way to his grandmother's residence at 6728 Bayliss Ave., the affidavit in support of the search warrant included information provided by three confidential informants. Two were specifically identified as reliable, and those two provided information that Badley had possessed large quantities of crack within the previous day and previous three days, respectively.

The third informant, who offered the only information that tied Badley specifically to the *upstairs* residence at 6730 Bayliss Ave., was not specifically identified as reliable. The affidavit for the warrant described this third informant's information as follows:

7. During the course of the past seventy-two hours, a confidential informant has revealed that Badley lives in the upstairs portion of the Bayliss address (6730) and that members of his family live in the downstairs portion (6728). Said informant has revealed that Badley utilizes the upstairs portion of the

Bayliss residence to store money and/or cocaine-base.

Joint Appendix ("J.A.") at 57. Agents executed a search on the same day and seized from the upstairs portion of the residence a safe that contained cocaine powder, crack cocaine, and personal papers belonging to Badley. The cocaine powder was in a brown paper bag on which Badley's fingerprint was found. On March 21, 1995, Badley was charged with possession with intent to distribute approximately 114.33 grams of cocaine base (crack) and possession with intent to distribute approximately 123.29 grams of cocaine, both in violation of 21 U.S.C. § 841(a)(1).

Badley's counsel unsuccessfully challenged the crack and cocaine evidence that was obtained on February 28 as the product of an unreasonable search and seizure, *see United States v. Badley*, No. 95-3743, 1996 WL 683601 (6th Cir. Nov.22, 1996), *cert. denied*, 520 U.S. 1149, 117 S.Ct. 1323, 137 L.Ed.2d 485 (1997), but counsel did not move for the government to disclose the identity of the informant whose reliability was not attested to in the affidavit. Badley was tried by a jury, convicted on both counts, and sentenced to life in prison. We affirmed the conviction and sentence. *See United States v. Badley*, No. 97-4128, 1999 WL 187450 (6th Cir. Mar.8, 1999).

On March 30, 2000, Badley moved pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence and to receive an evidentiary hearing regarding the same. Badley argued that the petit jury by which he was convicted contained no racial minorities and thus was unconstitutionally selected and impaneled; that he was denied effective assistance of counsel at trial because his counsel failed to petition for disclosure of the identity of the confidential informant and failed to request an alternate jury pool; and that he was denied effective assistance of counsel on ap-

peal because his counsel did not raise certain alleged inaccuracies in the search warrant on direct appeal of the conviction. The district court denied the motion, and a certificate of appealability was granted on only one issue: whether Badley was denied the effective assistance of trial counsel because counsel failed to move prior to trial for the disclosure of the identity of the confidential informant described in the affidavit submitted by the government for the issuance of the search warrant.

## II

"This court reviews de novo the district court's denial of a § 2255 motion, but the district court's findings of fact are reviewed only for clear error." *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir.), *cert. denied,* 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). If the district court has not held an evidentiary hearing, however, this court will affirm such a denial only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Baker v. United States,* 781 F.2d 85, 92 (6th Cir.), *cert. denied,* 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). There was no such evidentiary hearing in this case.

In order to show a violation of the Sixth Amendment right to counsel, a defendant must satisfy the two-pronged inquiry of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Bell v. Cone,* —— U.S. ——, —— –– ——, 122 S.Ct. 1843, 1850–51, 152 L.Ed.2d 914 (2002) (stating that courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, the defendant must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guar-

anteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. With respect to this performance element of the *Strickland* test, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison,* 477 U.S. 365, 386, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. This prejudice element "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). We take the inquiries in turn.

### A. Performance

With respect to performance, we have recognized that defense counsel's failure to make a particular motion or objection that would succeed, would have no tactical disadvantage, and would either result in an acquittal of the defendant or prevent the proceedings from becoming fundamentally unfair constitutes objectively unreasonable performance. For example, in *Northrop v. Trippett,* 265 F.3d 372 (6th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1358, 152 L.Ed.2d 354 (2002), we ruled that when counsel failed to move for suppression of evidence that had been seized in violation of the Fourth Amendment, and the motion would have been successful with no tactical downside, counsel's performance was objectively unreasonable. *See id.* at 383–84.

In that case, counsel had "ample notice" that the search was illegal, and the evidence to be suppressed – cocaine seized from the defendant's duffle bag – was the only evidence supporting the conviction for possession of cocaine. *Id.* at 383. Thus the motion to suppress would have been dispositive, and there was no justification for not making it. Accordingly, the court found counsel's performance objectively unreasonable. Similarly, in *Hughes v. United States,* 258 F.3d 453 (6th Cir.2001), this court found that counsel was constitutionally deficient when he did not attempt to remove a juror who stated during *voir dire* that she could not be fair to a particular defendant. *See id.* at 463–64. The juror's impartiality had not been re-established by further questioning, *see id.* at 458–59, so it was clear that her presence on the jury contravened "essential demands of fairness," *id.* at 457, and the failure to remove the juror was in no way a strategic decision, *see id.* at 463. Accordingly, counsel's performance did not meet constitutional standards.

In the present case, the fact that Badley's counsel failed to seek disclosure does not suggest that his performance was deficient. First, as discussed *infra* on prejudice, it is not at all clear that a motion for disclosure of the informant's identity would have been successful. Badley does not appear able to show, as is required under *United States v. Hanna,* 341 F.2d 906, 907 (6th Cir.1965), that disclosure was essential to a fair trial. *See Martin v. Mitchell,* 280 F.3d 594, 607 (6th Cir.2002) ("As any motion to suppress this evidence would have failed, Martin cannot show how the failure to make the motion was a result of his counsel's deficient performance or that the failure resulted in prejudice to his defense.").

Second, disclosure of the informant might indeed have had a tactical disadvantage for Badley. Although the district court held no hearing to determine whether counsel actually made a strategic decision not to seek disclosure, and counsel on appeal sought no discovery from trial counsel to determine whether a reasonable strategy was in place, trial counsel's decision not to seek disclosure was certainly consistent with a reasonable strategy. If the informant's identity were disclosed, then a primary factor preventing the informant from testifying at trial – the informant's value to the government in future investigations – would disappear, and the informant would be available to testify against Badley at trial. Although Badley suggests that the informant would state that the drugs belonged to Badley's uncle, counsel may have presumed that the informant would testify to the same information the informant had previously provided: Badley used the upstairs residence to store money and/or crack. Thus, there would have been at least some tactical downside to learning the identity of the informant.

Third, Badley has not shown that learning the identity of the confidential informant would have made any difference in the outcome of the case. Accordingly, Badley's counsel's failure to move for disclosure does not appear to have been objectively unreasonable.

## B. Prejudice

In order to satisfy the prejudice element of the *Strickland* inquiry, Badley must show that but for counsel's deficiencies, there is a reasonable probability that the outcome would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. For Badley, this requires a showing of reasonable probability that if a motion had been made, it would have been granted and would have changed the outcome of the case. Badley claims that seeking dis-

closure would have made a difference, because his uncle resided in the upstairs portion of the house and exercised control over the safe in which the crack, powder cocaine, and Badley's fingerprint were found. If counsel had sought and obtained the identity of the confidential informant who indicated that Badley himself lived in and stored crack in the upstairs residence, the informant might have confirmed Badley's defense that the drugs in fact belonged to the uncle.

We agree, however, with the district court that governing caselaw would have resulted in the denial of a motion to disclose. The Supreme Court laid out the standard for analyzing whether to order the government to disclose a confidential informant's identity in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In that case, the defendant sought to learn the identity of the "John Doe" to whom he had allegedly sold heroin. The Supreme Court prescribed a balancing test for determining whether disclosure should be required:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 77 S.Ct. 623. Because the particular facts of *Rovario* made the confidential informant "the only witness in a position to amplify or contradict the testimony of government witnesses," and one government witness had testified that the informant denied ever meeting the defendant, the Supreme Court ruled that the defendant's interest in defending himself outweighed the government's interest in protecting the informant's identity. *See id.* at 64–65, 77 S.Ct. 623.

Badley gives no reason to believe that he could have carried his burden to show that disclosure was necessary to his defense, as we have repeatedly required. *See, e.g., United States v. Moore*, 954 F.2d 379, 381 (6th Cir.1992) ("An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial.") (citing *United States v. Hanna*, 341 F.2d 906, 907 (6th Cir.1965)). Badley offers no evidence to support his assertion that the informant would have testified that the drugs belonged to Badley's uncle. *See United States v. Jenkins*, 4 F.3d 1338, 1341 n. 2 (6th Cir.1993), *cert. denied*, 511 U.S. 1034, 114 S.Ct. 1547, 128 L.Ed.2d 197 (1994) (affirming district court's rejection of request for disclosure when defendant "advance[d] no basis for his contention that the informant's testimony would have aided his defense"); *Moore*, 954 F.2d at 381 (6th Cir.1992) (affirming district court's rejection of request for disclosure when defendant "advanced no more than a simple statement that [the informant's] testimony might assist in his defense").

We also note that the confidential informant was not a participant in Badley's offenses. Although Rovario did not prescribe any "fixed rule" that informers who are not active participants in the alleged crime need not be disclosed, in ordering disclosure the *Rovario* Court made special mention of the fact that the informant there was a participant in the crime. *See Rovario*, 353 U.S. at 64, 77 S.Ct. 623 . We have noted that participants in crimes are usually disclosed, while mere "tipsters" are usually not disclosed. *See United States v. Sharp*, 778 F.2d 1182, 1186 n. 2 (6th Cir. 1985) (summarizing cases). This is one additional factor suggesting that even if

counsel had moved for disclosure of the confidential informant's identity, the motion would not have been successful.

Yet even if the motion had been made and had been successful, Badley faces the additional burden of demonstrating a reasonable probability that it would have changed the outcome of the case. The outcome here would have changed only if the informant's testimony would have resulted in suppression of the evidence gathered under the search warrant. Badley faces a "heavy burden" to show that the evidence would have been suppressed under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir.1990). Under *Franks*, a defendant must satisfy a two-part test. "First, a defendant must make a substantial preliminary showing that specified portions of the affiant's averments are deliberately or recklessly false." *United States v. Hill*, 142 F.3d 305, 310 (6th Cir.1998). "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171, 98 S.Ct. 2674. Second, the defendant must show that absent the deliberately false statements, the affidavit lacked probable cause. *See Bennett*, 905 F.2d at 934.

Badley does not show that, if the informant were in fact referring to Badley's uncle and not to Badley himself, the statement in the affidavit to the contrary was deliberately or recklessly false. In any event, confusion over whether the drugs belonged to the uncle or to Badley himself would have no effect on the warrant's validity, which turned only on whether there was probable cause to search the premises.

Accordingly, even if counsel had moved for disclosure, and disclosure had been granted, it is still highly unlikely that the evidence could have been suppressed. Badley has failed to show prejudice.

CONCLUSION

Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, we AFFIRM the district court's decision.