**Donnie Galen HURLEY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–5918.

United States Court of Appeals, Sixth Circuit.

March 12, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

## ORDER

This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Donnie Galen Hurley was convicted after a jury trial of one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and sentenced to a 175 month term of imprisonment. A panel of this court affirmed Hurley's conviction and sentence without opinion on direct appeal. *United States v. Hurley,* No. 97–5347, 1998 WL 898847 (6th Cir. Dec. 17, 1998) (order). Hurley filed a

motion to vacate sentence in 1999 through counsel in which he challenged the constitutionality of his conviction on the ground of ineffective assistance of trial counsel. The matter was referred to a magistrate judge who recommended that the motion should be denied. The district court adopted this recommendation over Hurley's objections and this appeal followed.

■ The one, overarching issue certified for appellate review is whether the district court erred in concluding that Hurley did not carry his burden to show that his conviction was marred by ineffective assistance of trial counsel. In conducting a review of a judgment denying a § 2255 motion to vacate sentence, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. *Murr v. United States*, 200 F.3d 895, 900 (6th Cir.2000). Where, as here, no evidentiary hearing is held, this court will affirm the judgment if the motion, files and records conclusively show that the movant is not entitled to relief. *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). An examination of the record and law using this standard supports the district court's decision on appeal.

The case against Hurley began with the investigation and arrest of alleged co-conspirator Travis West, and the cooperation of an informant, Darla Daulton. West was arrested in 1995 following a controlled sale of methamphetamine and discovered with $132,000 and eight ounces of methamphetamine. Law enforcement officers examined calendars at West's residence at the time of his arrest and found therein dozens of references to Hurley and his telephone number, although the telephone number was registered to Hurley's stepson. Telephone records indicated that at least fifty-five calls had been placed to that number

in the preceding four months. West agreed to cooperate in the investigation and prosecution of Hurley.

In 1996, Hurley was charged with conspiring to distribute methamphetamine. Counsel for the government states, and Hurley does not deny, that Hurley's counsel made an oral motion before trial for all discoverable material under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and transmitted to Hurley an offer of a plea bargain that would have capped Hurley's sentencing exposure at five years. Hurley rejected the offer and the case went to trial before a jury.

The evidence against Hurley was largely circumstantial. West testified at trial as to his methods of operation and the role Hurley allegedly played in the conspiracy. West was importing methamphetamine from California and distributing it to three individuals, one of whom was Hurley. Hurley would pay cash for the methamphetamine and West would record the transaction under Hurley's name as well as code names consistent with the calendar entries found during West's arrest. The informant Daulton testified that she saw Hurley buying drugs from West on at least one occasion, while another witness, Don Barron, testified that he saw Hurley with West when West retrieved a package of methamphetamine from Barron.

Hurley's counsel played an active role in the trial. Counsel was successful in obtaining the suppression of some material prior to trial. The record also reflects numerous instances of Hurley's counsel conducting cross-examination of the witnesses against Hurley. In one exchange, Hurley's counsel, in an attempt to impugn the motives and credibility of Daulton and West, elicited information from a law enforcement officer that Daulton had been paid $10,000 for her cooperation. The offi-

cer testified that the amount of the payment was, in part, in recognition that an informant against West in a separate investigation had been murdered in Tennessee. The officer also testified that Hurley had nothing to do with the informant's murder. The parties agree that counsel made a motion for a directed verdict at the conclusion of the prosecution's case-in-chief but did not renew the motion at the conclusion of all the evidence.

It is against this background that Hurley claims he received ineffective assistance of trial counsel. Hurley identified eight separate examples of his counsel's allegedly deficient performance and also contends that the overall effect of these "errors" was to deny him a fundamentally fair trial. The individual claims will be delineated below.

■ To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance fell below "an objective standard of reasonableness" and that there is a "reasonable probability" that counsel's errors affected the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir.1996). The tactical decisions of trial counsel are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. *See id.* The defendant must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that counsel's errors undermined the relia-

bility of and confidence in the result. *See id.*

■ Hurley's examples of allegedly deficient attorney performance fall far short of establishing that his trial was tainted by constitutionally ineffective representation. Hurley first claims that his counsel should have "sufficiently evaluated" the prosecution's pre-trial plea offer, although Hurley does not specify precisely what he means by that phrase. Although incompetent advice resulting in the rejection of a plea offer might satisfy the prejudice prong of *Strickland, see Turner v. Tennessee*, 858 F.2d 1201, 1205 (6th Cir.1988), *vacated on other grounds*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989), Hurley's conclusory statement, standing alone, does not meet that standard. *See Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir.1998).

■ Hurley's second and third grounds for relief are directed to the cross-examination, or lack of cross-examination, of certain witnesses. Hurley states that counsel should have challenged the statement by the police officer concerning the murdered Tennessee informant in a collateral investigation of West, yet the record shows that Hurley's counsel did exactly that in clarifying for the jury that Hurley was not involved in that investigation. Hurley also avers that counsel should have pursued a more vigorous cross-examination of Daulton. Counsel's decision was, however, clearly based on her trial strategy of minimizing the effect of Daulton's testimony and, as such, is effectively insulated from review in this context.

■ Hurley's fourth ground is that counsel was ineffective in failing to call as a witness an individual named Edsel Hale. Hurley does not dispute the observation of the magistrate judge that counsel was ready to call Hale as a rebuttal witness,

but that the anticipated need for Hale's rebuttal testimony never materialized.

■ The fifth ground for relief is that counsel was deficient in failing to seek under *Brady* certain surveillance tapes made of Daulton. Hurley's claim is based on his interpretation of Daulton's statement at trial that she felt she was under surveillance at some point. In fact, counsel did request all discoverable materials prior to trial, the government denies that any such tape exists and there is no other evidence supporting Hurley's speculation.

■ Hurley's sixth claim for relief is that counsel did not renew her motion for a directed verdict at the conclusion of all the evidence. While counsel acknowledges this oversight, the district court properly notes that the evidence was sufficient to convict Hurley. There was, therefore, no prejudice to Hurley's defense by this omission.

■ The seventh ground for relief is that counsel failed to object to the government's improper bolstering of West during closing argument. The prosecutor told the jury during closing that West would be guilty of perjury if he were lying about Hurley's involvement in the crime and would thus lose his deal with the government. Counsel states that she chose not to object to this comment as a matter of strategy, as she routinely does not object during closing without good cause, because she believes an objection might cement damaging portions of the prosecution's argument with the jury. The Sixth Circuit defines bolstering as "when the prosecutor implies that the witness's testimony is corroborated by evidence known to the government but not known to the jury." *United States v. Francis*, 170 F.3d 546, 551 (6th Cir.1999). It is apparent from the excerpt of the prosecution's closing argument that it does not meet the Sixth Cir-

cuit's definition of bolstering and, on its face, is legally accurate.

■ Finally, Hurley claims that he was prejudiced by counsel's failure to examine vigorously a juror who, near the conclusion of the trial, said that he knew Hurley's children. Counsel responded that she deliberately did not conduct an extensive interview with the witness in large part because she feared the juror might recall that Hurley had recently been convicted three times in state court of raping his own daughter. As a matter of trial strategy, this decision is sound. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.