RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0366P (6th Cir.)
File Name: 00a0366p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

ANTHONY RODERICK PHILLIP,
    *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,
    *Respondent-Appellee.*

No. 97-5165

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
Nos. 90-00001; 96-00609 —Charles R. Simpson III,
Chief District Judge.

Argued: November 3, 1999

Decided and Filed: October 12, 2000

Before: KENNEDY and RYAN, Circuit Judges;
CLELAND, District Judge.

_____

*The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

———————————

**COUNSEL**

**ARGUED:** C. Mark Pickrell, Nashville, Tennessee, for Appellant. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** C. Mark Pickrell, Nashville, Tennessee, for Appellant. Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. Anthony Roderick Phillip, Marianna, Florida, pro se.

———————————

**OPINION**

———————————

CLELAND, District Judge. Petitioner Anthony Roderick Phillip appeals the district court's denial of his motion to vacate his federal sentence, brought pursuant to 28 U.S.C. § 2255. We, however, will affirm the district court's decision.

The facts of the underlying case are set forth in this Court's earlier opinion, which denied Phillip's claims brought in the direct appeal of his conviction. *See United States v. Phillip*, 948 F.2d 241, 244-46 (6th Cir. 1991). In September of 1990, a jury convicted Phillip of violating 18 U.S.C. §§ 2, 13, and 1111, for committing the second degree murder of his four-year old son Jamal, and engaging in and permitting first degree child abuse. On direct appeal, Phillip asserted six claims of error, all of which were denied. *See Phillip,* 948 F.2d at 244, 254. One of the panel members, however, dissented as to two issues, including the question whether the prosecution was obligated under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose the contents of a videotaped interview of a surviving son who had witnessed the crime. *Phillip*, 948 F.2d at 254-257 (Merritt, C.J., dissenting). Pursuant to Federal Rules of Appellate Procedure 35(c) and 40(a)(1), Phillip had 14 days from the entry of this Court's judgment affirming his convictions to petition the Court for an *en banc*

rehearing. No such petition was filed. Instead, Phillip sought review by the United States Supreme Court, which denied *certiorari*. *See United States v. Phillip*, 504 U.S. 930 (1991).

On September 18, 1996, Phillip filed his § 2255 motion, contesting several aspects of his trial and sentence. The district court entered a judgment on January 27, 1997, denying all of Phillip's claims. Phillip then petitioned this Court for a certificate of appealability, and such certificate was granted on March 24, 1998 as to three issues, namely: (1) whether the admission of a statement by his codefendant wife violated the rule set forth in *Bruton v. United States*, 391 U.S. 123 (1968); (2) whether the jury instructions failed to require the jury to find proof of guilt beyond a reasonable doubt; and (3) whether exculpatory evidence, in the form of the videotaped statement of his six-year old son, was improperly suppressed.

Phillip's briefs did not raise the first claim asserting a violation under *Bruton*, and at oral argument he confirmed its abandonment. Hence, we will not consider it.

As to the second issue, Phillip claims the trial court committed plain error by failing to instruct the jury that 18 U.S.C. § 1111 requires a finding beyond a reasonable doubt that the offense take place "within the special maritime and territorial jurisdiction of the United States." Phillip, however, neither raised this objection at trial nor presented it on direct appeal. When a habeas petitioner fails to object to alleged trial errors in either the district or appellate courts, he must show two things in order to obtain relief under § 2255: "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167 (1982); see also *Davis v. United States*, 411 U.S. 233, 244 (1973). Phillip's jury instruction challenge fails on both counts. First, he offers no excuse for his failure to raise the issue at an earlier time. Second, the overwhelming and uncontroverted evidence demonstrates beyond any doubt that Phillip committed his crimes on a military reservation,

rendering any purported instructional error harmless. Accordingly, Phillip's argument that the jury was not properly instructed must be rejected.

Finally, we turn to Phillip's third claim; namely, that this Court should review its earlier decision that the videotaped interview of Roderick Phillip was not exculpatory under *Brady v. Maryland.* Although Phillip recognizes that this panel may not overrule a prior panel's decision, it is apparently his intention to petition for *en banc* review of the affirmation we must give the previous decision. In other words, Phillip seeks to use his § 2255 appeal to obtain the *en banc* review he did not seek on direct appeal. Such is an improper use of a § 2255 appeal.

Throughout this appeal, it has been unclear what sort of review Phillip seeks. In any case, however, his request is meritless. To the extent that Phillip seeks this panel to review the court's earlier decision, we are without power to do so. "A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision." *Salami v. Secretary of Health and Human Servs.,* 774 F.2d 685, 689 (6th Cir. 1985). Neither circumstance is present here.

There has been no relevant intervening change in Supreme Court authority since Phillip's conviction. The case upon which Phillip relies, *United States v. Agurs,* 427 U.S. 97 (1976), was decided approximately 14 years before Phillip's trial. Moreover, *Agurs* does not stand for Phillip's asserted proposition that excluding inadmissable evidence as immaterial is reversible error. *See Agurs*, 427 U.S. at 112 n.2 (internal citation omitted).

Nor does Phillip point to any *en banc* decision of this Court since his conviction that might be construed as overruling our holding in Phillip. Instead, he relies upon a Seventh Circuit case, *United States v. Dimas,* 3 F.3rd 1015 (1993), in which the court of appeals engaged in the unremarkable exercise of

remanding a criminal case so that the district court might better develop the evidentiary record concerning purported *Brady* material. *See id.* at 1018. *Dimas* does not meet the requirement we enunciated in *Salami*; only Supreme Court or Sixth Circuit *en banc* decisions can permit a panel of this court to overrule a prior panel's legal determinations. As an aside, even if we could consider *Dimas*, it is of no aid to Phillip because we found no evidentiary insufficiency in the record when we reviewed his *Brady* claim on direct appeal.

Finally, to the extent that Phillip seeks *en banc* review of our earlier decision, his petition must be denied. Phillip elected not to seek such review on direct appeal. His request now is wholly untimely, and he cannot use a § 2255 motion to circumvent that failure. Hence, Phillip's *Brady* argument is rejected.

For the foregoing reasons, the judgment of the district court is AFFIRMED.