Marcus S. MINIX, Sr., Plaintiff–Appellant,

v.

Stephen N. FRAZIER;  George Chad Perry, Defendants–Appellees.

No. 00–5292.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges;  COLLIER, District Judge.*

*ORDER*

Marcus S. Minix, Sr., appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. §§ 1981 through 1988. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Minix filed his complaint on January 24, 2000, alleging that the defendants violated his right to due process during his divorce and custody proceedings. He primarily alleged: 1) that a Kentucky judge had violated state procedures; and 2) that his attorney had not prevented the judge from doing so. The district court found that the complaint was untimely, and dismissed the case on February 14, 2000. Minix's motion for reconsideration was subsequently denied, and he now appeals.

■ A one-year limitations period applies to civil rights actions that arise in Kentucky. *See Collard v. Kentucky Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990). Thus, Minix's claims must have accrued within one year of the date on which his complaint was filed, or no earlier than January 24, 1999. It appears that Minix's current case was untimely because the complaint plainly indicates that all of his claims had accrued no later than January 11, 1999, when the Supreme Court denied an application for a writ of certiorari regarding his divorce. *See id.* at 183–84.

Minix now argues that the limitations period has not begun on his due process claims, as he still has post-deprivation remedies available to him in the state courts. However, the complaint expressly indicates that Minix had already exhausted his remedies. Minix's argument also fails because the alleged availability of additional remedies indicates that his procedural due process claims are still premature. *See Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). If Minix's claims are not premature, then his case is untimely because the last proceeding described in the complaint occurred more than a year before the complaint was filed.

■ Minix asserts that rulings in his divorce case were made by special judges who had not been properly appointed un-der an unpublished administrative charter. However, "[p]rocess is not an end in itself." *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Thus, Minix's claims also fail because he does not have a constitutionally protected liberty interest in the procedural nuances of the state rules that he has alleged. *See id.* at 249–51, 103 S.Ct. 1741; *Levin v. Childers,* 101 F.3d 44, 46 (6th Cir.1996).

■ Minix argues that the district court erred when it rejected his claim that the defendants had violated an automatic stay in his bankruptcy case. However, a prior panel of our court has already ruled that the defendants did not violate the stay, and that ruling is controlling in the present case. *See Phillip v. United States,* 229 F.3d 550, 552–53 (6th Cir.2000).

■ Finally, Minix argues that the district court should have given him an opportunity to amend the complaint. However, a plaintiff need not be given an opportunity to amend before a patently meritless case is dismissed for lack of subject matter jurisdiction. *See McLaughlin v. Cotner,* 193 F.3d 410, 412 (6th Cir.1999), *cert. denied,* 529 U.S. 1008, 120 S.Ct. 1278, 146 L.Ed.2d 226 (2000). Hence, Minix's argument fails because the allegations in his complaint clearly show that his civil rights action was time-barred. *See Collard,* 896 F.2d at 183–84.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.