Tommy Joe **BARROW**, Petitioner–Appellant,

v.

**UNITED STATES of America**, Respondent–Appellee.

No. 99–2229.

United States Court of Appeals, Sixth Circuit.

March 13, 2001.

Before NELSON, SILER, and MOORE, Circuit Judges.

## *ORDER*

Tommy Joe Barrow appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Barrow of one count of making false statements in connection with a bank loan application in violation of 18 U.S.C. § 1014, one count of bank fraud in violation of 18 U.S.C. § 1344, three counts of income tax evasion in violation of 26 U.S.C. § 7201, and six counts of making or subscribing false tax returns or false amended returns in violation of 26 U.S.C. § 7206. The district court sentenced Barrow to 21 months of imprisonment, fined him $11,000, and ordered him to pay over $80,000 in restitution. After sentencing, Barrow filed a motion for a new trial, which the district court denied. Barrow appealed the denial of this motion and also filed a direct appeal from his convictions and sentence. In separate opinions, this court affirmed the denial of his new trial motion, *Barrow v. United States,* No. 96–1687, 1997 WL 31427 (6th Cir. Jan. 27, 1997) (unpublished opinion), and his convictions and sentence. *United States v. Barrow,* 118 F.3d 482 (6th Cir.1997).

In 1998, Barrow filed his § 2255 motion, alleging that: 1) the 1985 Alternative Minimum Tax deficiency was computed in an inaccurate manner; 2) the government im-

properly introduced false evidence of prior bad acts; 3) the district court improperly instructed the jury as to the limited use of the prior bad acts evidence; 4) the government failed to disclose exculpatory material and impeachment evidence; 5) his trial counsel rendered ineffective assistance; 6) he should not have been held criminally liable for tax evasion based on the diversion of corporate funds where the corporation had no earnings or profits; 7) his appellate counsel rendered ineffective assistance; and 8) the district court improperly instructed the jury that false statements of gross income on tax returns were material as a matter of law. Over Barrow's objections, the district court adopted the magistrate judge's report and recommendation and denied Barrow's motion as meritless. The court did grant Barrow a certificate of appealability for the following issue: whether Barrow should have been held criminally liable for tax evasion based on the diversion of corporate funds where the corporation had no earnings or profits.

■■■■ Upon review, we conclude that the district court properly denied Barrow's § 2255 motion. This court reviews de novo a district court's denial of a § 2255 motion, but reviews its findings of fact for clear error. *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). A petitioner is entitled to relief under § 2255 only if he shows a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an egregious error which violated due process. *Id.*

■■■ Barrow has procedurally defaulted his claim. Barrow argues that he can not be held criminally liable for tax evasion based on the diversion of corporate funds because the corporation allegedly had no earnings or profits. However, Barrow did not raise this challenge to his convictions

before this court on direct appeal. When a § 2255 petitioner fails to object to alleged errors in his direct criminal appeal, he must show cause excusing this procedural default and actual prejudice resulting from the alleged errors in order to obtain review of his claims. *United States v. Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir.2000).

■■■ Barrow argues that cause exists because his counsel failed to raise the issue on appeal. Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel. *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir.1994). In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermined the reliability of the defendant's convictions. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir.2000). Counsel's strategic choices, while not necessarily those a federal judge might make in hindsight, do not rise to the level of a Sixth Amendment violation, *Jones v. Barnes*, 463 U.S. 745, 750–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *McMeans*, 228 F.3d at 682, and counsel need not raise every conceivable colorable claim on appeal in order to fulfill his duty to his client. *Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir.2000). Barrow has not demonstrated that his counsel's failure to raise this issue was an unreasonable strategic decision under the circumstances, especially since counsel did raise ten issues on appeal. As Barrow has not demonstrated cause, it is unnecessary to determine if he has shown prejudice. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.