Carl E. SMITH, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 99–6078.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

Carl E. Smith, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Smith of conspiring to possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and aiding and abetting the possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The court sentenced him to a total of 240 months of imprisonment. A panel of this court affirmed Smith's convictions and

sentence on appeal. *See United States v. Smith,* No. 96–6609, 1997 WL 579159 (6th Cir. Sept. 17, 1997).

In his § 2255 motion to vacate his sentence, Smith argued that: 1) there was insufficient evidence to support his conspiracy conviction, and the court erred when it denied his motion for judgment of acquittal made at the close of trial; 2) the 100 to 1 sentencing ratio for crack cocaine is constitutionally defective; and 3) trial and appellate counsel rendered ineffective assistance. Upon review, a magistrate judge filed a report, concluding that Smith had not shown cause and prejudice for his failure to present his grounds numbered 1 and 2 on direct appeal and that Smith's grounds lacked merit. Over Smith's objections, the district court denied the motion. This court granted Smith a certificate of appealability as to the following issues only: 1) whether Smith can show cause and prejudice or his actual innocence to excuse his failure to raise his two-pronged first claim on direct appeal; and 2) whether there is sufficient evidence to support Smith's conspiracy conviction, and whether the trial court erred when it denied his motion for judgment of acquittal.

In his appellate brief, Smith reasserts his first claim. He also argues that the court committed plain error when it sentenced him and that his indictment was defective. Smith has also filed a motion to remand this matter to the district court for a ruling on his motion for a new trial. The district court denied Smith's motion for a new trial on August 21, 2000.

Initially, we note that Smith may not assert new claims at this stage of the proceedings. Smith was not granted a certificate of appealability as to the new

---

* The Honorable David A. Katz, United States District Judge for the Northern District of    Ohio, sitting by designation.

issues he raises. Hence, appellate review is limited to the issues that were certified. *See Seymour v. Walker,* 224 F.3d 542, 561 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001); *Ross v. Ward,* 165 F.3d 793, 797 (10th Cir.1999).

The district court properly denied Smith's motion to vacate his sentence. This court reviews de novo a district court's denial of a § 2255 motion but reviews its findings of fact for clear error. *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir.), *cert. denied,* 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000).

Smith is barred from seeking review of his first claim because he has not shown cause and prejudice to excuse his failure to present it on direct appeal, *Bousley v. United States,* 523 U.S. 614, 622–23, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Phillip v. United States,* 229 F.3d 550, 552 (6th Cir.2000), nor has he presented any evidence of his actual innocence. *Bousley,* 523 U.S. at 622–23. Smith has not demonstrated that his counsel's failure to raise his first claim was an unreasonable strategic decision under the circumstances. *McMeans v. Brigano,* 228 F.3d 674, 682 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001). As Smith has not demonstrated cause, it is unnecessary to determine where he has shown prejudice. *Bousley,* 523 U.S. at 623.

The government presented sufficient evidence to support Smith's convictions. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The witness testimony presented in this case establishes that a conspiracy existed, that Smith knew of the conspiracy, and that he knowingly and voluntarily joined it. *United States v. Avery,* 128 F.3d 966, 970 (6th Cir.1997). Similarly, the evidence supports Smith's aiding and abetting convic-

tions as the record reflects that Smith participated in a substantive crime with the desire that the crime be accomplished. *United States v. Hill,* 55 F.3d 1197, 1204 (6th Cir.1995).

Finally, contrary to Smith's argument, the district court properly denied his motion for a judgment of acquittal. *United States v. Canan,* 48 F.3d 954, 962 (6th Cir.1995); *United States v. Wuliger,* 981 F.2d 1497, 1509 (6th Cir.1992). There was sufficient evidence to submit the case to the jury.

For the foregoing reasons, we deny the motion to remand and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.