**Timothy Tyrone EADDY,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 00–2005.**

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

Timothy Tyrone Eaddy, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Eaddy was indicted for conspiring to distribute controlled substances, in violation of 21 U.S.C. § 846, possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841, and using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). In a first superseding indictment, Eaddy was charged with the same violations, except that the § 924(c) charge was dropped. In May 1998, Eaddy pleaded guilty to conspiring to distribute controlled substances pursuant to a Rule 11 plea agreement. The court sentenced Eaddy to a total of 240 months of imprisonment and five years of supervised release, and Eaddy was ordered to pay a $5,000 fine. Eaddy did not appeal his conviction or sentence.

In his § 2255 motion to vacate his sentence, Eaddy essentially argued that: 1) the district court improperly determined the amount of drugs attributable to him; 2) he was not permitted to confront the witnesses against him concerning alleged false statements that he had possessed a weapon; and 3) counsel rendered ineffective assistance by not properly explaining the rights that Eaddy was waiving by

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

pleading guilty. Upon review, the district court concluded that Eaddy had waived his right to assert his claims numbered 1 and 2 because he stipulated to the amount of drugs and to an enhancement for possession of a weapon and because he expressly waived his right to challenge the guidelines calculation. The court also concluded that Eaddy's third claim lacked merit. Hence, it denied Eaddy's motion. Thereafter, the court denied Eaddy's motion for reconsideration, and it granted Eaddy a certificate of appealability as to each of the issues.

On appeal, Eaddy reasserts his claims, except that he now argues that counsel rendered ineffective assistance by advising Eaddy to stipulate to the drugs and the weapon, even though there was no proof that Eaddy possessed the stated amount of drugs or a weapon. In addition, he argues that his plea was invalid.

Initially, we note that Eaddy has abandoned his claim that counsel rendered ineffective assistance when he failed to fully explain the rights that Eaddy was waiving by pleading guilty. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). We also note that Eaddy's new ineffective assistance and invalid guilty plea claims are not reviewable because they were not first raised in the district court. See *Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case warranting review of these claims.

Upon review, we conclude that the district court properly denied Eaddy's § 2255 motion to vacate his sentence for the reasons stated by the court in its May 16, 2000, opinion and order. *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). Eaddy is barred from seeking review of his claims because he has not shown cause and prejudice to excuse his failure to present them on direct appeal, *Bousley v. United States*, 523 U.S. 614, 622–23, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir.2000), nor has he presented any evidence of his actual innocence. *Bousley*, 523 U.S. at 622–23, 118 S.Ct. 1604. Eaddy has not demonstrated that his counsel's failure to raise his claims was an unreasonable strategic decision under the circumstances. *McMeans v.. Brigano*, 228 F.3d 674, 682 (6th Cir.2000). As Eaddy has not demonstrated cause, it is unnecessary to determine if he has shown prejudice. *Bousley*, 523 U.S. at 623, 118 S.Ct. 1604.

In addition, Eaddy waived his right to challenge the sentencing guidelines calculations in his Rule 11 plea agreement. See *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996). Eaddy has not presented any credible evidentiary material casting doubt on his understanding of the rights he was waiving or casting doubt on the voluntariness of his plea. Even though Eaddy couched his challenge to the finding that he possessed a weapon in terms of a "confrontation clause" violation, he is essentially challenging the sentence imposed based on that finding. Hence, his waiver bars this issue.

As the district court noted, finally, non-constitutional errors, including claims of errors in the calculation of the sentencing guidelines, rarely if ever warrant relief under 28 U.S.C. § 2255. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996). Neither counsel nor Eaddy presented any evidence establishing that he did not possess the stipulated amount of drugs or a weapon.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.