RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0284p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ERIC D. WHEELER,

                       *Plaintiff-Appellant,*

     *v.*

DAYTON POLICE DEPARTMENT; RYAN HALBURNT;
MICHAEL T. FULLER; CITY OF DAYTON, OHIO,

                       *Defendants-Appellees.*

No. 15-3484

---

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 3:13-cv-00300—Michael J. Newman, Magistrate Judge.

Decided and Filed:  December 4, 2015

Before:  COLE, Chief Judge; SUTTON, Circuit Judge; BELL, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:**  Charles E. McFarland, New Castle, Kentucky, for Appellant.  John C. Musto, DAYTON LAW DEPARTMENT, Dayton, Ohio, for Appellees.

---

**OPINION**

---

SUTTON, Circuit Judge.  In June 2012, Eric Wheeler filed a lawsuit alleging that two police officers violated his constitutional rights during a 2009 arrest.  A district court dismissed his complaint, and we affirmed.  Now Wheeler brings a new lawsuit stemming from the 2009 arrest—namely a challenge to a bench warrant arrest in April 2012 for failing to appear on

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

one of the two charges that arose from the 2009 arrest—raising similar constitutional challenges. Similar allegations arising from the same underlying dispute lead to a similar result: The trial court rejected the second action on claim-preclusion grounds, and so do we.

On May 19, 2009, Dayton police officers Ryan Halburnt and Michael Fuller arrested Wheeler for possession of marijuana and cocaine. The arrest led to two charges: one for felony drug possession (for the cocaine) in Montgomery County Common Pleas Court and the other for misdemeanor drug possession (for the marijuana) in Dayton Municipal Court. The municipal court scheduled a trial for Wheeler's misdemeanor charge, but he failed to appear. The court issued a bench warrant for his arrest.

A few months later, Wheeler pleaded guilty to the felony charge in the court of common pleas, and he received a two-year prison sentence. He served his time, but in April 2012, shortly after his release, Dayton police officers arrested him again—this time on the outstanding bench warrant. Wheeler posted bail, and the prosecutor dropped the misdemeanor charge two days after the arrest.

In June 2012, Wheeler filed his first federal lawsuit arising from the 2009 arrest. He filed the action against Halburnt, Fuller, and the Dayton Police Department and alleged that, during the 2009 arrest, the officers had violated his constitutional rights by conducting an illegal search and using excessive force. He also alleged that Halburnt had "planted" marijuana on him. R. 20-2 at 11. The district court dismissed Wheeler's complaint, finding that the statute of limitations had run on his claims. We affirmed but on slightly different grounds. We noted that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), prevents plaintiffs from "recover[ing] damages for [an] allegedly unconstitutional conviction" unless the conviction has been reversed or otherwise invalidated. *See Wheeler v. Dayton Police Dep't*, No. 12-4029, slip op. at 3 (6th Cir. Mar. 15, 2013). We held that, to the extent Wheeler challenged the constitutionality of his felony conviction, *Heck* barred his claims, while the statute of limitations blocked the remaining challenges. *Id.* at 3–4.

In 2013, Wheeler returned to federal court, filing an action against the same defendants (Halburnt, Fuller, and the Dayton Police Department) plus the City of Dayton itself. This time, instead of directly attacking the 2009 arrest, Wheeler alleged that his April *2012* arrest on the

outstanding bench warrant was unconstitutional. His theory was that, because Halburnt and Fuller allegedly fabricated evidence and falsified the misdemeanor citation, the marijuana charge should never have been brought, which means the bench warrant should never have issued. A magistrate judge (who, with the parties' consent, entered a final judgment in this case) found that claim preclusion barred Wheeler's suit. He appealed.

Claim preclusion prevents parties from litigating matters that "should have been advanced in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). To establish claim preclusion, the defendants need to show (1) "a final judgment on the merits" in a prior action; (2) "a subsequent suit between the same parties or their privies"; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction. *Montana v. United States*, 440 U.S. 147, 153 (1979) (quotation omitted); *Wilkins v. Jakeway*, 183 F.3d 528, 532, 535 (6th Cir. 1999).

The defendants satisfy all four elements. One: Wheeler's previous lawsuit ended with a judgment on the merits. We affirmed the district court's decision to dismiss that action *with prejudice*, and dismissals with prejudice generally are judgments on the merits that bar plaintiffs from refiling their claims in the court that dismissed them. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001).

Two: As Wheeler concedes, this lawsuit involves the same parties as the previous one. Although Wheeler did not name the City of Dayton as a defendant in his earlier lawsuit, he did sue the Dayton Police Department, which is a "subdivision" of the city itself. *Tysinger v. Police Dep't*, 463 F.3d 569, 572 (6th Cir. 2006); *see* Ohio Rev. Code. § 715.05.

Three: Wheeler's claims could have (and should have) been raised in the June 2012 action. His 2012 arrest occurred two months before he filed his previous lawsuit, and his complaint in that action included the factual allegations that, Wheeler now claims, make the 2012 arrest illegal. He stated, for example, that he "had no marijuana on him ever"; that he could not possibly have been hiding "3.0 grams of marijuana . . . in a front pocket"; and that Halburnt "planted the bag of marijuana." R. 20-2 at 10–11. With these assertions already in his complaint, Wheeler should have taken the next step and alleged (based on these same facts) that the bench warrant leading to his 2012 arrest was invalid.

Four:   Wheeler's previous lawsuit and this one "arose out of the same transaction." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008) (quotation omitted). That transaction was Wheeler's 2009 arrest, which gave rise to the allegations in his prior lawsuit (that the officers conducted an illegal search and used excessive force) *and* to the allegations in this one (that the officers planted evidence and falsified a citation).

Wheeler counters that claim preclusion does not apply for three reasons.  He first maintains that there was no "final decision on the merits" in the previous lawsuit because, when we affirmed the district court's judgment in that case, we relied on the statute of limitations and *Heck v. Humphrey*, 512 U.S. 477 (1994).  When courts dismiss claims under *Heck*, they typically do so *without prejudice*, see *Heck*, 512 U.S. at 479; *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999), and dismissals without prejudice generally are not judgments on the merits for claim-preclusion purposes, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). To the extent we relied on *Heck* in disposing of the previous action, Wheeler contends, we should not treat that lawsuit as a bar to this one.

Wheeler has a point, but he also has a problem.  He may be right that *Heck*-barred claims usually are dismissed without prejudice, but that is not what the previous panel did.  It affirmed the district court's decision to dismiss all of Wheeler's claims *with* prejudice, and it subsequently denied Wheeler's petition for panel rehearing.  *See Wheeler*, No. 12-4029, slip op. at 2–4, *reh'g denied*, No. 12-4029 (6th Cir. May 9, 2013).  If Wheeler disagreed with the disposition of his earlier suit, his best bet—his only bet—was to file an en banc petition or to seek Supreme Court review.  What he cannot do is ask us to convert a prior dismissal *with* prejudice into one *without* prejudice, or request that we rewrite the previous panel's order so that it no longer acts as a judgment on the merits.  *See Phillip v. United States*, 229 F.3d 550, 552–53 (6th Cir. 2000); *Hudson v. Hedge*, 27 F.3d 274, 276 (7th Cir. 1994).  And claim preclusion at all events, bitter though the medicine may be, applies to all final judgments, even those with which a party disagrees.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Perhaps making this medicine a little less bitter to swallow is this reality:  Even if the prior panel had dismissed Wheeler's *Heck*-barred claims without prejudice, claim preclusion still would apply.  Recall that the earlier panel did not dismiss *all* of Wheeler's claims on *Heck*

grounds; it found that the statute of limitations barred some of them. *See Wheeler*, No. 12-4029, slip op. at 3–4. One such claim (barred by the limitations period but not by *Heck*) was Wheeler's excessive-force allegation. *Id.* at 3. And the prior panel's disposition of that issue alone suffices to bar Wheeler's claims in this case. We reached the merits of the excessive-force challenge, because dismissals on statute-of-limitations grounds are judgments on the merits, *see Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003); *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981); Wheeler's current allegations involve the same parties (Halburnt and Fuller) and the same transaction (the 2009 arrest) as the excessive-force claim; and the allegations should have been raised in a lawsuit involving that claim. Even if we put Wheeler's *Heck*-barred claims to one side, in other words, claim preclusion still would block this lawsuit.

Wheeler next argues that his two lawsuits do not involve the same claims, because his previous action related to the 2009 arrest while this one relates to the 2012 arrest. But claim preclusion does not operate at this level of generality. We look not at the specific injuries that Wheeler alleges (here, the second arrest), but at the underlying *transaction* that gave rise to those injuries. *See J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996). And the sole basis of Wheeler's challenge to his 2012 arrest is that the officers acted illegally during the *2009 arrest* by planting evidence on him and falsifying a citation. That is why Halburnt and Fuller, not the officers who arrested Wheeler in 2012, are the defendants in this lawsuit, and that is why Wheeler should have raised these allegations in his earlier complaint.

Wheeler, last of all, alleges that claim preclusion would violate "public policy" if applied here. But the Supreme Court has cautioned against making equitable exceptions to traditional claim-preclusion principles, *see Moitie*, 452 U.S. at 399–402, and Wheeler has not offered any sound reason for ignoring standard claim-preclusion rules here. Sure, he maintains that barring this lawsuit will infringe on his "right to petition the government." Appellant's Br. 19. But that right guarantees only Wheeler's ability to *file* a lawsuit, *see Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011); it does not displace claim preclusion or other procedural bars once the case gets here. Nor do the public policies underlying § 1983 cut against claim preclusion in cases filed under that statute. *See Castorr v. Brundage*, 674 F.2d 531, 536–37 (6th Cir. 1982). Nor do we see how barring these claims will result in "manifest injustice." Appellant's Br. 22–

23. A "grave injustice" does not result when courts apply "accepted principles of [claim preclusion]," *Moitie*, 452 U.S. at 401, especially when Wheeler offers no good reason for failing to include these allegations in his earlier complaint.

For these reasons, we affirm.