RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0163p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-5324

JIMMY JAMES JONES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 2:13-cr-00035—Amul R. Thapar, District Judge.

Decided and Filed: July 14, 2016

Before: SUHRHEINRICH, DAUGHTREY, and ROGERS, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Mark A. Wohlander, WOHLANDER LAW OFFICE PSC, Lexington, Kentucky, for Appellant. Charles P. Wisdom Jr., John Patrick Grant, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

───────────────

**OPINION**

───────────────

PER CURIAM. Jimmy James Jones raises a constitutional challenge to his 78-month sentence, contending that the district court's use of the preponderance-of-the-evidence standard in determining the amount of heroin attributable to him violated his right to due process. Given our decision in *United States v. Brika*, 487 F.3d 450, 462 (6th Cir. 2007), rejecting this argument, the district court's judgment was without error and must be affirmed.

After a three-day trial, a jury convicted Jones of multiple heroin-distribution offenses: conspiracy to distribute heroin in violation of 21 U.S.C. § 846, three counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1), and three counts of aiding and abetting distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The probation office initially attributed to Jones at least 5 grams but less than 10 grams of heroin, which corresponded to a base offense level of 14. The government objected, stating that the presentence report correctly calculated the total quantity of heroin and crack cocaine involved in controlled buys from Jones and his co-defendant but that this quantity did "not reflect the scale of the offense." U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5. Based on a confidential informant's testimony that he purchased half a gram of heroin each day from Jones from September 2012 to February 2013, the government asserted that Jones's relevant conduct included at least 60 grams but less than 80 grams of heroin, which corresponded to a base offense level of 22. The probation office recalculated Jones's guidelines range in accordance with the government's objections. Jones objected to this recalculation, asserting in relevant part that "such a dramatic increase to [his] recommended sentence" should be supported by clear and convincing evidence rather than by a preponderance of the evidence.

At sentencing, after testimony from the law enforcement officer who handled the confidential informant, the district court found by a preponderance of the evidence that Jones's conduct involved at least 40.3 grams of heroin but noted:

> I don't think, just for the record, that there's clear and convincing evidence that it's 40 grams. I think I would need to hear from [the confidential informant] in order to make that conclusion. And what he gave at trial is not, to me, clear and convincing, but it is a preponderance.

Using a base offense level of 18, which corresponds to 40 to 60 grams of heroin, the district court calculated Jones's guidelines range as 63 to 78 months of imprisonment. The district court sentenced Jones to 78 months of imprisonment followed by lifetime supervised release.

On appeal, Jones argues that due process required the district court to make its factual finding as to drug quantity by clear and convincing evidence, given the extent of the resulting increase in his guidelines range. Unfortunately for Jones, we previously have considered and rejected this argument, holding that "due process does not require sentencing courts to employ a

standard higher than preponderance-of-the-evidence, even in cases dealing with large enhancements." *Brika*, 487 F.3d at 462 (citation omitted). "[S]uch challenges should be viewed through the lens of *Booker* reasonableness rather than that of due process." *Id.*

Jones nevertheless contends that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), calls the holding in *Brika* into question. In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence must be submitted to the jury. *Id.* at 2155. However, the decision in *Alleyne* did not disturb a district court's authority to impose a sentence within the statutory range. *Id.* at 2163; *see United States v. Smith*, 749 F.3d 465, 487 (6th Cir. 2014). *Alleyne* did not address the standard of proof for judicial factfinding at sentencing. In the absence of an inconsistent decision of the Supreme Court, this panel will not overrule the court's precedent upholding the application of the preponderance standard at sentencing. *See Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000).

Accordingly, we **AFFIRM** Jones's sentence.