99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William RIGGS, Defendant-Appellant.
 No. 95-5908.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant, William Riggs ("Riggs"), appeals his sentence of 188 months imprisonment for conspiracy to manufacture, manufacture of, and possession with intent to distribute marijuana. The primary issue raised concerns the number of marijuana plants seized. For the following reasons, we AFFIRM the district court.
 
 I.
 
 2
 Riggs appeals his conviction and sentence on a three-count indictment. Count One charged him with conspiring to manufacture over 1000 marijuana plants in violation of 21 U.S.C. § 846; Count Two charged him with intentionally manufacturing over 1000 marijuana plants in violation of 21 U.S.C. § 841(a)(1); Count Three charged him with possession with intent to distribute over 1000 marijuana plants in violation of 21 U.S.C. § 841(a)(1).[1]
 
 
 3
 On March 16, 1995, Riggs was found guilty on all three counts. On June 5, 1995, the district court sentenced Riggs to a term of imprisonment of 188 months and a term of supervised release of five years, to be served concurrently.
 
 II.
 A.
 
 4
 "The amount of drugs chargeable to a defendant is a question of fact reviewable by this court under the clearly erroneous standard." United States v. Clemons, 999 F.2d 154, 156 (6th Cir.1993), cert. denied, 510 U.S. 1050 (1994). In arriving at a total quantity, the district court must make specific findings and explicitly set forth the evidence upon which it relies. United States v. Ferguson, 23 F.3d 135, 142 (6th Cir.), cert. denied, 115 S.Ct. 259 (1994).
 
 
 5
 The district court's factual finding of 1150 marijuana plants was not clearly erroneous. The court adopted the factual findings in the presentence report ("PSI"). The PSI set forth that officers discovered and counted 1150 marijuana plants at 113 South 22nd Street. At sentencing, Louisville/Jefferson County Metro Narcotics Detective Gregory Treadway testified in regard to the plant count at 113 South 22nd Street. He testified that the building contained 1150 marijuana plants. He further testified that each of the 1150 plants had a root system and that dead and harvested plants were not included in the plant count. Additionally, he testified that he and other police officers only counted live plants. Detective Treadway's testimony was uncontested.
 
 B.
 
 6
 Riggs argues that this court should reduce his sentence. He contends that an amendment to USSG § 2D1.1(c) changed the calculation of the equivalency of grams per marijuana plant and that this court should apply the amendment retroactively to reduce his sentence.
 
 
 7
 Pursuant to USSG § 1B1.10(a), when the Sentencing Commission amends and lowers the guideline range applicable to a defendant who is serving a term of imprisonment, 18 U.S.C. § 3582(c)(2) authorizes a reduction in the defendant's term of imprisonment. Because a defendant must petition the district court for modification of his or her sentence under section 1B1.10, see 18 U.S.C. § 3582(c)(2), we affirm without prejudice to the right of Riggs to raise the resentencing issue under the statute with the district court.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Riggs was responsible for an indoor marijuana growing operation located at 113 South 22nd Street in Louisville, KY