**Alvin Glenn TAYLOR, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 02–5311.**

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

This is an appeal from a district court judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Alvin Glenn Taylor was tried to a jury and convicted of robbery affecting interstate commerce and of being a felon in possession of a firearm. A panel of this court affirmed the conviction and Taylor's life sentence. *United States v. Taylor*, 173 F.3d 538 (6th Cir.1999). Taylor subse-

quently filed a motion to vacate sentence, with an amendment, in which he challenged the constitutionality of his conviction on the grounds of ineffective assistance of counsel and a violation of the Interstate Agreement on Detainers (IAD). The district court denied Taylor's motion and granted a certificate of appealability on the IAD issue.

The following issue was certified by the district court for appeal: Did the district court err in rejecting Taylor's claim that he was entitled to the relief requested on the holding of *Alabama v. Bozeman,* 533 U.S. 146, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001)? This court reviews de novo an order denying a § 2255 motion, but the district court's findings of fact are reviewed only for clear error. *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir. 2000). A de novo review of the record and law, in the context of the lone issue before this court, supports the judgment on appeal.

On October 9, 1995, Taylor robbed a gas station in or around Memphis, Tennessee, while on parole for a prior Tennessee felony. Taylor was held in the Shelby County [Tennessee] Jail following his arrest by federal authorities for the gas station robbery. The Jail has been characterized as a pre-trial detainee holding facility. The State of Tennessee revoked Taylor's parole on January 12, 1996, and returned him to the Shelby County Jail pending final, permanent transfer into the state correctional system. A federal grand jury indicted Taylor for the gas station robbery on February 27, 1996, and federal authorities lodged a detainer against Taylor the next day. Taylor was brought to federal court for his initial appearance before a magistrate judge on March 20, 1996, and he was immediately returned to the Shelby County Jail. Taylor was thereafter hailed into federal court from the Jail for a detention hearing four times. He asked for and received a continuance each time. Taylor finally entered a "not guilty" plea on April 4, 1996 and he was returned to the Jail. Tennessee authorities transferred Taylor to a permanent correctional facility on April 18, 1996, to begin serving out his parole violator sentence and Taylor was transferred back to federal custody on June 20, 1996, after a second detainer and a writ of habeas corpus ad prosequendum. *Taylor,* 173 F.3d at 540.

Taylor thereafter moved to dismiss his indictment for a violation of the IAD. Taylor maintained that, as his "term of imprisonment" began on January 12, 1996, the subsequent transfers between the Jail and the federal courthouse violated "anti-shuttling" provisions of the IAD. The district court rejected this claim as did the Sixth Circuit. The Sixth Circuit opinion clearly stated that Taylor's pre-trial detention in the Jail did not constitute a "term of imprisonment" within the meaning of the IAD so that the "anti-shuttling" provisions of the IAD were not triggered. *Id.* at 541 (citing cases). In addition, the panel opined that the temporary "same-day transfers" experienced by Taylor did not violate the IAD. *Id.* at 541–42.

Following the Sixth Circuit's decision, the Supreme Court decided *Alabama v. Bozeman,* 533 U.S. 146, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001). In *Bozeman,* the Court held that the anti-shuttling directive of the IAD is absolute, and that no exceptions shall be made for "technical" or de minimis violations of the provision. The Court thus concluded in *Bozeman* that, under the IAD, a prisoner's return to the sending jurisdiction before disposition of the charges against him in the receiving jurisdiction must result in dismissal of those charges. *Id.* at 153. The *Bozeman* decision, however, did not touch upon in

any way the Sixth Circuit's interpretation of "term of imprisonment" in this context.

Taylor filed his motion to vacate sentence after *Bozeman* in which he challenged his conviction, in part, on Bozeman's rejection of the Sixth Circuit's "de minimis" test. The district court initially concluded that there was nothing in Taylor's action to excuse him from the general rule that § 2255 relief cannot be premised upon an IAD violation. The district court held that, even if Taylor's IAD / *Bozeman* claim were cognizable in a motion to vacate sentence, the Sixth Circuit's prior refusal to characterize Taylor's Shelby County Jail time as an IAD "term of imprisonment" foreclosed to him that avenue for relief. Taylor was granted permission to appeal this aspect of the district court's decision.

The district court's latter conclusion, concerning the substance of the "term of imprisonment" holding, is supported in law. In general, findings made at one point in litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994). The law of the case doctrine holds that once an appellate court has ruled on a particular issue, absent exceptional circumstances, the ruling is final and must be followed by the district court on remand. *Miles v. Kohli & Kaliher Assocs., Ltd.*, 917 F.2d 235, 241 (6th Cir.1990). Thus, the district court properly held that it was not free to revisit the Sixth Circuit's prior refusal to invoke the IAD in response to Taylor's temporary, pre-trial residence at the Shelby County Jail.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.