* The Honorable James S. Gwin, United States District Judge for the Northern District of

Victor VILLARINI, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 01–2257.

United States Court of Appeals, Sixth Circuit.

Feb. 19, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.*

*ORDER*

This is an appeal from a district court judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Victor Villarini was found guilty on his plea to one count of felon / firearm, in violation of 18 U.S.C. § 922(g)(1), and given a fifty-seven month sentence. Vil-

Ohio, sitting by designation.

larini's direct appeal was dismissed. Villarini filed a motion to vacate sentence in 2000 in which he challenged the constitutionality of his sentence. The district court denied the relief sought and this court granted a certificate of appealability as to two issues.

"This court reviews de novo the district court's denial of a § 2255 motion, but the district court's findings of fact are reviewed only for clear error." *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir. 2000). If, as in the case at bar, the district court has not held an evidentiary hearing, this court will affirm such a denial only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Baker v. United States,* 781 F.2d 85, 92 (6th Cir.1986). A review of the appeal before the court conclusively shows that Villarini is entitled to no relief.

In 1999, Villarini was named in a second indictment as being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), with specific offense dates of September 6, 1996, and January 12, 1999. Villarini, assisted by counsel, subsequently entered into a detailed plea agreement. Included in the agreement was Villarini's commitment to enter a guilty plea to the § 922(g)(1) charge in exchange, in part, for a specific guideline range and sentencing cap of fifty-seven months. The parties specifically agreed to the following sentencing factors in an attached worksheet: Villarini's base offense level was twenty-two, he was entitled to a three-level reduction for acceptance of responsibility, and his criminal history category was IV. Villarini unequivocally agreed to waive certain appellate rights concerning these agreed-upon sentencing factors:

> Defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines.

> *Defendant agrees not to appeal the accuracy of any factor stipulated in the attached worksheets.*

Plea Agreement, ¶ 5 (emphasis added).

The district court accepted the plea and sentenced Villarini to a fifty-seven month term of incarceration. Villarini perfected an appeal from this judgment, but this appeal was subsequently dismissed for Villarini's failure to supply needed transcripts. Villarini thereafter filed his motion to vacate sentence in which he claimed that his guideline sentence had been improperly calculated and that the dismissal of his direct appeal was the product of ineffective assistance of counsel. Villarini did not challenge, however, the constitutionality of the plea or the agreement. The district court concluded that Villarini's guideline sentence was properly calculated and that he could not show that he had received ineffective assistance of counsel.

The crux of Villarini's underlying guideline sentencing claim for relief is that his base offense level was improperly calculated with reference to a felony that should not have been used for this purpose. At no time does Villarini call into question the constitutionality of the plea agreement. Regardless of the merits of Villarini's sentencing claim, his express agreement to the sentencing calculations, his valid waiver of any right to appeal the accuracy of these sentencing factors, and the district court's sentencing within the agreed-upon cap, means that Villarini would have absolutely no chance of appellate success on this issue. *See, e.g., United States v. Fleming,* 239 F.3d 761, 763–64 (6th Cir. 2001) (defendant in criminal case may waive the right to appeal); *United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995) (same); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995) (same). There has been no challenge to the plea agree-

ment or the waiver of appellate rights. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.