Dwayne C. **BYBEE,** Plaintiff–Appellant,

v.

**UNITED STATES of America,** Defendant–Appellee.

No. 02–3057.

United States Court of Appeals, Sixth Circuit.

May 23, 2003.

Before KENNEDY, SILER, and GILMAN, Circuit Judges.

## ORDER

Dwayne C. Bybee, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bybee pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The district court gave Bybee a three-level reduction for acceptance of responsibility and an additional two-level reduction for substantial assistance to law enforcement and sentenced him to 130 months of imprisonment and three years of supervised release. Bybee appealed, but subsequently moved to dismiss his direct appeal. Later, the government moved the court pursuant to Fed. R.Crim.P. 35 for a three-level reduction of Bybee's sentence for assistance in unrelated criminal cases. The district court granted the motion and amended Bybee's sentence to 100 months of imprisonment, the minimum term of imprisonment within the amended guideline range.

In his motion to vacate sentence, Bybee claimed that: 1) he did not plead guilty knowingly and voluntarily because he did not receive effective assistance of counsel; 2) counsel was ineffective for not challenging an element of the crime (whether the bank was insured by the Federal Deposit Insurance Corporation ("FDIC") at the time of the robbery); 3) the government failed to establish jurisdiction for the robbery because it failed to prove that the bank was FDIC insured; 4) the district court abused its discretion by allowing the government to proceed without proving that the bank was FDIC insured; and 5) counsel was ineffective for not pursuing a defense of diminished capacity due to petitioner's voluntary intoxication at the time of the offense. The district court denied the motion because Bybee failed to show cause to excuse his failure to directly appeal his conviction and sentence and prejudice resulting therefrom. The district court also found no grounds upon which to

grant Bybee a certificate of appealability ("COA").

This court granted Bybee a COA on the following issues: 1) whether Bybee pleaded guilty knowingly and voluntarily because he did not receive effective assistance of counsel; 2) whether counsel was ineffective for not challenging an element of the crime (whether the bank was FDIC insured at the time of the robbery); and 3) whether counsel was ineffective for not pursuing a defense of diminished capacity due to petitioner's voluntary intoxication at the time of the offense.

■ On appeal, Bybee does not address the third issue certified for appeal. An issue that was raised in the district court, yet not raised on appeal, is considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). In addition, Bybee asserts a number of issues not certified for appeal. Any such issues are not properly before the court because a certificate of appealability must issue in order for an appeal to be taken from an order denying a motion to vacate filed under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1). With respect to those issues certified by the court, Bybee essentially reasserts that counsel was ineffective for not investigating whether the bank was federally insured for purposes of establishing federal jurisdiction of the offense, and that this ineffective assistance precluded him from making a voluntary plea to the charge of bank robbery.

■ We affirm the district court's judgment for reasons other than those set forth by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994). The district court denied Bybee's motion for failure to show cause excusing Bybee's failure to directly appeal, and actual prejudice resulting therefrom. This cause and prejudice analy-

sis does not apply to Bybee's ineffective assistance of counsel claim, however, as that claim was not cognizable on direct appeal. *United States v. Goodlett,* 3 F.3d 976, 980 (6th Cir.1993). Nevertheless, because Bybee's allegations, when viewed against the record, are so palpably incredible or patently frivolous, they warranted summary dismissal without a hearing. *See Peavy v. United States,* 31 F.3d 1341, 1345 (6th Cir.1994).

This court reviews de novo a district court's denial of a § 2255 motion, but reviews its findings of fact for clear error. *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir.2000). A petitioner is entitled to relief under § 2255 only if he shows a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error that violated due process. *Id.* Claims of ineffective assistance of counsel present mixed questions of law and fact that this court reviews de novo. *Olden v. United States,* 224 F.3d 561, 565 (6th Cir.2000).

Defense counsel did not render ineffective assistance by not investigating whether the bank was federally insured for purposes of establishing federal jurisdiction of the offense. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McQueen v. Scroggy,* 99 F.3d 1302, 1310–11 (6th Cir. 1996). In a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Bybee claims that had his attorney informed him that a bank must be FDIC-insured in order for the government to have jurisdiction, he would not have pleaded guilty to the charge without further investigation into the bank's FDIC status. The petitioner bears the burden of showing prejudice in a motion under § 2255. *Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland,* 466 U.S. at 692. Bybee has failed to satisfy this burden because he has not shown that he bank was not FDIC-insured at the time of the robbery.

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.