**Leonard C. KRIMSKY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–4109.

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2003.

Leonard C. Krimsky, pro se.

Linda M. Betzer, Asst. U.S. Attorney, Cleveland, OH, for Respondent–Appellee.

Before RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*

## ORDER

Leonard Krimsky, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, Krimsky purchased Kent Machine Company in Kent, Ohio, which was renamed Kent Worldwide Machine Works (Kent). Included in the purchase was Kent's employee pension benefit plan (the plan). In 1993, Kent began experiencing financial difficulties. National City Bank, as trustee of the plan, rejected Krimsky's request for a loan from the plan's assets. Thereafter, Krimsky appointed himself trustee and transferred the plan's assets to Huntington Trust Company. That same year, Huntington granted Krimsky a loan from the plan's assets. After Huntington denied Krimsky's second request for a loan, he transferred the plan's assets to Fifth Third Bank (Fifth Third). Fifth Third granted Krimsky a loan from the plan's assets. In 1995, Krimsky opened an account with Dean Witter and transferred the plan's assets to the account. He took additional loans consisting of twelve withdrawals between August 1995 and January 1996. In November 1995, a plan participant complained to the Department of Labor (DOL), and the DOL began an investigation, which eventually led to the discovery of the various loans.

In 1999, a jury convicted Krimsky of embezzling over $2 million from his employees' pension fund in violation of 18 U.S.C. § 664, and making false statements in documents required by the Employee Retirement Income Security Act in violation of 18 U.S.C. § 664. The court sentenced him to a total of sixty months of imprisonment. A panel of this court affirmed his convictions and sentence on appeal. *United States v. Krimsky*, 230 F.3d 855 (6th Cir.2000).

Thereafter, Krimsky filed a timely § 2255 motion, arguing that his counsel

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

rendered ineffective assistance because: 1) counsel did not file a timely motion for a new trial; 2) counsel did not object to improper jury instructions; 3) counsel did not introduce certain Uniform Commercial Code (UCC) filings that would have helped to establish a lack of criminal intent; and 4) counsel did not call various witnesses. Thereafter, Krimsky filed a motion for leave to conduct discovery, which the district court denied. However, the district court then granted Krimsky's motion for reconsideration of that order, and granted Krimsky sixty days to supplement his § 2255 motion. Upon review, the district court concluded that Krimsky had not established that counsel rendered ineffective assistance, and it denied the § 2255 motion. However, the district court granted Krimsky a certificate of appealability.

On appeal, Krimsky reasserts his claim that counsel rendered ineffective assistance in numerous respects. He also seeks to have this court "reopen" discovery.

Initially, we note that Krimsky does not address in his appellate brief his claim that counsel rendered ineffective assistance when he failed to object to jury instructions. As he has not briefed this issue, it is considered abandoned and not reviewable. *See Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Upon review, we conclude that the district court properly denied Krimsky's § 2255 motion to vacate. This court reviews de novo a district court's denial of a § 2255 motion, but reviews its findings of fact for clear error. *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S.Ct. 200, 148 L.Ed.2d 140 (2000). A petitioner is entitled to relief under § 2255 only if he shows a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an egregious error which violated due process. *Id.* To establish inef-

fective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Counsel did not render ineffective assistance by failing to file a timely motion for a new trial. First, Krimsky does not dispute that counsel previously made oral requests for a new trial, which the district court denied. Second, although counsel's written motion was denied as untimely, Krimsky was not prejudiced because the court essentially discussed and rejected the arguments raised therein during the sentencing phase of the trial. The main argument raised in the motion was that the prosecutor had made "misstatements of evidence" by reading misleading portions of a letter to Huntington Trust Company from Krimsky's corporate counsel. The trial court correctly concluded that the letter from counsel was not privileged material as the government had obtained the letter from the bank, not the client or the attorney. In addition, the letter was admitted as an exhibit and went into the jury room. Therefore, even if the prosecutor had only read portions of the letter, the jurors had ample opportunity to read the entire letter themselves. The court had also instructed the jurors that the argument of counsel was not evidence. Any "twisting" or "distorting" of the evidence was cured by that instruction.

■ Counsel did not render ineffective assistance by not introducing certain UCC filings as exhibits. Krimsky argued that counsel should have introduced as exhibits "security interest" documents that were attached to the promissory notes that Krimsky signed in relation to the loans. He maintains that these documents supported his argument that he lacked specific

intent to commit a crime. However, Krimsky does not dispute that counsel called an expert witness (a law professor) to testify regarding the promissory notes signed by Krimsky, and that the witness's testimony covered the attached "security papers." While the "security papers" were not submitted into evidence, they were discussed during the witness's testimony. Krimsky has not shown how counsel's decision not to introduce the "security papers" as exhibits prejudiced his defense.

■ Counsel did not render ineffective assistance by failing to call various witnesses. Krimsky argued that counsel should have called various employees as witnesses to rebut the "perjurious testimony" of a government witness (Isley) who had testified that Krimsky did not reveal his loans to employees. Krimsky argued that the employees would have testified that Krimsky had revealed his intent to borrow money from the pension plan and that he had received union approval to borrow the money. Krimsky submitted letters and affidavits in support of this argument. However, counsel's performance did not prejudice Krimsky's defense because such evidence would have been irrelevant. Krimsky does not dispute that he failed to apply to the DOL for a required exemption to borrow money from the pension plan. Hence, whether the employees were aware of his intentions and whether he had obtained the union's permission to borrow from the pension plan was irrelevant.

■ Counsel also did not render ineffective assistance by not calling the plan's actuary (Teitelbaum) as a witness to testify that Krimsky had not concealed anything and that he had not falsified any documents. Krimsky does not dispute that Teitelbaum actually testified during the trial, and that counsel cross-examined him. Krimsky's speculation as to how counsel should have conducted the cross-examination does not establish that counsel's performance was deficient or that it prejudiced Krimsky's defense.

■ Finally, counsel did not render ineffective assistance by cutting short the testimony of a non-expert IRS agent. Krimsky argued that the agent would have testified that Krimsky "did not criminally violate the ERISA statute." However, that determination was clearly up to the jury. A lay opinion given by a partially informed IRS agent on the question of Krimsky's criminal liability is not admissible under Rules 701 and 704 of the Federal Rules of Evidence. See United States v. Sheffey, 57 F.3d 1419, 1424–25 (6th Cir. 1995); Torres v. County of Oakland, 758 F.2d 147, 150–51 (6th Cir.1985); see also United States v. Baskes, 649 F.2d 471, 479 (7th Cir.1980) (court held that when a witness was asked whether certain conduct was "unlawful," the trial court properly excluded the testimony since "terms that demand an understanding of the nature and scope of the criminal law" may be properly excluded). Hence, counsel was not ineffective by not eliciting such testimony from the agent.

■ Contrary to his argument on appeal, Krimsky has not established that this court should "turn back the hands of time" and reinstate discovery. Much of the "evidence" that Krimsky seeks has to do with the testimony of the pension plan actuary and the IRS agent, both of whom Krimsky argues would have provided testimony establishing that Krimsky was innocent. However, for the reasons stated above, Krimsky's arguments concerning these witnesses lack merit. Krimsky also appears to seek the opinion of a retired Department of Labor employee who would have testified that Krimsky was innocent. Again, for the reasons stated above, such non-expert witness testimony would be improper.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.