**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0010n.06**
**Filed: January 5, 2006**

**No. 04-5667**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SURESH KUMAR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |

**BEFORE: SILER, CLAY, and ROGERS, Circuit Judges.**

**ROGERS, Circuit Judge.** Petitioner-Appellant Suresh Kumar is serving a life sentence after his federal conviction for conspiracy to commit arson, arson, and mail fraud. Kumar appeals the district court's denial of an evidentiary hearing on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In his habeas petition, Kumar alleged that his trial counsel provided ineffective assistance of counsel because of a conflict of interest. The conflict allegedly stemmed from counsel's relationship with the insurance agency that issued the policy on Kumar's hotel and from counsel's sale of the hotel in satisfaction of Kumar's legal fees. The district court, properly holding that Kumar failed to allege an actual conflict of interest, dismissed his ineffective assistance claim without an evidentiary hearing. We affirm.

## I. Background

In March 1995, Kumar formed SMD Corporation (SMD) to purchase the Howard Johnson hotel in Bowling Green, Kentucky. Kumar hired attorney Darell Pierce, a partner in the law firm of Broderick, Thornton & Pierce, to assist SMD in the purchase. The transaction was successful, and SMD purchased a fire and casualty insurance policy from Van Meter Insurance for the hotel. Van Meter Insurance is owned by Chip Van Meter, a personal friend of Darell Pierce's partner, David Broderick. Broderick, Thornton & Pierce represented Van Meter Insurance several times over the years.

Soon after it was purchased, however, the hotel began to suffer financial problems. On January 2, 1996, Kumar offered to pay Joe S. Logan, Sr., a hotel maintenance employee, to set fire to the hotel. Kumar placed a call to his brother-in-law, Devinda Sharma, who then invited Logan into Sharma's office at the hotel. While Logan sat in Sharma's office, Sharma briefly spoke with Kumar on the telephone in Hindi. Sharma then laid the telephone receiver on the desk so as to permit Kumar to hear the conversation and offered Logan $3,500 to set a small fire in the hotel.

Logan set the fire on January 6, 1996. The fire destroyed the hotel, caused the death of four people, and injured fifteen others. Kumar filed an insurance claim with the General Accident Insurance Company (General Accident), the underwriter of the policy purchased through Van Meter Insurance, claiming in excess of $4.5 million in losses. Kumar retained Broderick, Thornton & Pierce to represent SMD in pursuing the claim.

In July 1996, a federal grand jury returned an indictment charging Kumar, Logan, and Sharma with conspiracy to commit arson in violation of 18 U.S.C. § 371, arson resulting in death and injuries in violation of 18 U.S.C. § 844(i), and mail fraud in violation of 18 U.S.C. § 1341. Kumar retained David Broderick and Darell Pierce to represent him in the criminal case. The trial commenced in January 1998. To prove that Kumar conspired to set fire to the hotel to obtain insurance money, the government offered three pieces of evidence. First, Kumar participated in the January 2, 1996, discussion between Sharma and Logan. Second, a call on January 4, 1996 in which Sharma spoke with Logan about arson plans originated from Kumar's residence. Third, fires at a previous hotel owned by Kumar indicated that Kumar had a scheme of renovating his hotels with the insurance proceeds of intentionally set fires. Kumar never testified on his own behalf.

The jury convicted Kumar on all counts, and the district court sentenced him to life imprisonment for the arson and conspiracy charges, and five years of imprisonment for the mail fraud charge. This court affirmed Kumar's conviction on appeal. *United States v. Logan*, Nos. 97-5912, 97-5914, 1999 WL 551353, at *1 (6th Cir. July 19, 1999). The Supreme Court of the United States denied his petition for certiorari. *Kumar v. United States*, 529 U.S. 1129 (2000).

In March 1997, Kumar filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Kumar argued, among other things, that his counsel provided him ineffective assistance of counsel in violation of the Sixth Amendment. He based this claim on three alleged conflicts of interest. First, his trial counsel, Broderick, had a close personal, legal, and business relationship with Chip Van Meter, the owner of the insurance agency that sold Kumar the policy on

the hotel. Kumar claimed he was not aware of Broderick's relationship with Van Meter until a former secretary of Broderick came forward after his conviction. Second, Kumar alleged that Broderick was also a friend and business associate of Michael Caudill, the brother of the Assistant United States Attorney who prosecuted him. Finally, Kumar's attorneys obtained a lien against the hotel property to ensure payment of their legal fees. When Kumar transferred the property to his attorneys in satisfaction of the fees, it "required General Accident Insurance Company to first release its lien filed on the land." From this, Kumar inferred that his attorneys "colluded with Van Meter Insurance Company and its carrier General Accident for mutual financial gains and to obtain Mr. Kumar's conviction."

The district court referred Kumar's motion to a magistrate judge for a report and recommendation. The magistrate judge issued a sixty-seven page report detailing the standard set forth by the Supreme Court in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), for claims of ineffective assistance based upon conflicts of interest from the representation of multiple defendants, as well as several alternative tests for conflicts: "modified-*Cuyler*," "enhanced-*Cuyler*," and "modified-*Strickland*." The magistrate ultimately recommended that the district court grant Kumar an evidentiary hearing on his conflict of interest claim and apply the "enhanced-*Cuyler*" standard. The magistrate judge recommended that all other claims be dismissed.

The district court nevertheless applied the ordinary *Cuyler* standard and dismissed Kumar's conflict of interest claim without an evidentiary hearing. The court held that Kumar had not asserted any actual conflict of interest. Any personal friendship between Broderick and Van Meter or Caudill

- 4 -

did not create a conflict because neither person had an interest in the case, and in any event, "friendships among attorneys and prior associates does not amount to a constitutional violation." Broderick's representation of Van Meter Insurance did not create a conflict because it was not Van Meter Insurance that was antagonistic to Kumar's interests, but General Accident as the policy underwriter. Finally, the attorneys' use of a lien on the hotel was normal practice and did not give them an incentive to make sure Kumar was convicted because, if he was acquitted, they would still have been paid from the insurance proceeds. Even if there were a conflict, Kumar could not demonstrate that it adversely affected Broderick's performance because his alleged errors related to trial strategy, "which lay within Mr. Broderick's sound discretion."

Kumar filed a motion to reconsider with the district court. The court denied the motion but granted Kumar a certificate of appealability pursuant to 22 U.S.C. § 2253(c) on his conflict of interest claim. On appeal, Kumar asserts that the district court erred in denying him an evidentiary hearing on his conflict of interest claim. He argues that, under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), his attorneys had an actual conflict of interest because of their personal friendship with Van Meter, their contemporaneous representation of Van Meter Insurance, and their collection of legal fees by selling the hotel property after Kumar's conviction. Kumar does not address the relationship between Broderick and Caudill, the brother of the prosecuting Assistant United States Attorney, in his appellate brief. Therefore, he has abandoned that claim for purposes of appellate review. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir. 1997).

## II. Analysis

This court reviews the district court's refusal to conduct an evidentiary hearing for abuse of discretion. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo*, 178 F.3d at 782 (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

### 1.    Broderick, Thornton & Pierce's Representation of Van Meter Insurance

Broderick, Thornton & Pierce's representation of Van Meter Insurance did not give rise to an actual conflict of interest because Van Meter Insurance did not have any interest in the outcome of Kumar's trial. To show a violation of the Sixth Amendment right to counsel, a defendant generally must make two showings. First, the defendant must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, the defendant must prove that the attorney's deficient performance was so prejudicial that it "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* The Supreme Court, however, has modified this rule in the context of conflicts of interest. In *Cuyler v.*

Sullivan, the Court held that, if a defendant can show "an actual conflict of interest [that] adversely affected his lawyer's performance," prejudice may be presumed. 446 U.S. at 348-50.

The district court in this case applied Cuyler to Kumar's allegations of a conflict stemming from Broderick, Thornton & Pierce's representation of Van Meter Insurance. It nevertheless noted the uncertainty created by Mickens v. Taylor, 535 U.S. 162 (2002). In Mickens, the Supreme Court pointed out that, although Cuyler involved the concurrent representation of multiple defendants by the same attorneys, courts of appeals had applied Cuyler "'unblinkingly' to 'all kinds of alleged attorney ethical conflicts,'" including successive representation cases.[1] Id. at 174 (quoting Beets v. Scott, 65 F.3d 1258, 1266 (5th Cir. 1995) (en banc)). According to the Court, whether Cuyler "should be extended to such cases remains . . . an open question." Id. at 176. Despite this limited reading of Cuyler, the district court correctly read this court's cases at the time of its decision to require that Cuyler be applied generally to all Sixth Amendment conflict of interest claims. See Riggs v. United States, 209 F.3d 828, 831 n.1 (6th Cir. 2000). Since the district court's decision, however, this court has made it clear that Cuyler's analysis does not apply in cases of successive conflicts of interest. See Whiting v. Burt, 395 F.3d 602, 618-19 (6th Cir. 2005); Lordi v. Ishee, 384 F.3d 189, 193 (6th Cir. 2004).

---

[1]Joint or concurrent representation occurs where a "single attorney represents two or more co-defendants in the same proceeding," Moss v. United States, 323 F.3d 445, 455 (6th Cir. 2003), while successive representation occurs where "defense counsel has previously represented a co-defendant or trial witness," id. at 459.

Here, because the district court never afforded Kumar a hearing on his petition, the record does not show whether Broderick represented Van Meter Insurance while he represented Kumar. Kumar suggests that the conflict was concurrent. *See* Appellant's Br. at 12 ("[T]his [case] presents an overlapping of contemporaneous attorney-client relationships for attorney Broderick."). The affidavit of Broderick's former secretary Margaret M. Hughes is ambiguous, *see* J.A. at 228-29 ("Broderick, Thornton & Pierce had a conflict of interest in regards [sic] to the representation of Mr. Kumar. For years previous to the fire, [the firm] had represented Van Meter Insurance . . . ."), as is Broderick's affidavit, *see* J.A. at 163. On the other hand, the government argued in its objections to the magistrate's report that Broderick "did not at the time of Kumar's trial represent Van Meter Insurance."

Although this unanswered issue would normally warrant a remand for a § 2255 hearing, such a remand is unnecessary here because, even if Broderick concurrently represented Van Meter Insurance, there was no actual conflict. As the district court held, Van Meter Insurance held no interest in the outcome of Kumar's trial. Only General Accident, as the insurance underwriter, could have been forced to pay on the $4.5 million insurance policy if Kumar had been acquitted. Van Meter Insurance merely sold the policy. Kumar argues that there was "an overlapping of contemporaneous attorney-client relationships," but he does not state how Van Meter Insurance's interests, and hence Broderick's interests, were opposed to his own. Kumar fails to demonstrate how his interests "diverge[d] [from his attorneys'] with respect to a material factual or legal issue or to a course of action." *Cuyler*, 446 U.S. at 356 n.3.

We decline to consider, because it was not raised below, Kumar's allegation of another conflict, one assertedly based on Broderick's representation of Van Meter Insurance. Kumar states that "several employees [of Van Meter Insurance] testified adverse to Kumar during his trial." It is conceivable that *Cuyler* applies to some cases in which an attorney concurrently represents a government witness while representing a defendant, although this court has not addressed the issue. Nevertheless, *Cuyler's* applicability is irrelevant because Kumar never raised the issue of Van Meter Insurance employees testifying in his § 2255 petition. Appellate courts normally do not address arguments for reversal that were not properly presented below. *See Chandler v. Jones*, 813 F.2d 773, 777 (6th Cir. 1987). This principle applies to claims not presented in habeas corpus petitions. *Byrd v. Collins*, 209 F.3d 486, 538-39 (6th Cir. 2000).

The district court therefore properly held that Kumar failed to allege an actual conflict of interest based upon his counsel's representation of Van Meter Insurance.

### 2. *Kumar's Other Conflict Claims*

Kumar's other conflict of interest claims similarly fail because they do not involve actual conflicts. Kumar asserts that Broderick was a personal friend of Chip Van Meter, the owner of Van Meter Insurance. As previously stated, however, Van Meter Insurance held no interest in the outcome of Kumar's trial. Moreover, as the district court correctly held, "friendships do not create 'actual conflicts of interest.'" *Cf. Riggs*, 209 F.3d at 834-35, 835 n.4 (discussing the absence of a conflict on the part of defense counsel who had formerly been an Assistant United States Attorney).

Kumar's final alleged conflict is equally without merit.  He states that his "counsel's loyalties were compromised because counsel's fee was, in part, satisfied by the proceeds from the sale of the land that the hotel stood upon."  But if Broderick had been able to obtain an acquittal for Kumar he would have likely been paid out of the General Accident insurance proceeds.  Broderick had every incentive to defend Kumar zealously.

## III. Conclusion

For the above reasons, we AFFIRM the judgment of the district court.